## IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
## IN AND FOR BREVARD COUNTY, FLORIDA

**DANIEL WILLINGHAM,**

        **Plaintiff,**

**v.**                                  **CASE NO.:**

**MUTUALINK, INC., a Foreign**
**Profit Corporation,**

        **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DANIEL WILLINGHAM, (hereinafter "Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint against the Defendant, MUTUALINK, INC., (hereinafter "Defendant"), a Foreign Profit Corporation, and in support of states as follows:

### INTRODUCTION

1.     This is an action by the Plaintiff, DANIEL WILLINGHAM, against his former employer, MUTUALINK, INC., for violations of the Florida Whistleblower Act, Florida Statute §448.102 (FWA). Plaintiff seeks damages, reasonable attorney's fees, declaratory relief, and other relief under Florida Statute §§448.103 – 448.104.

2.     Plaintiff was hired by Defendant in or around March 2019, as the Director of Carrier Relations and was then promoted in January 2020 to Executive Director of Sales.

3.     Plaintiff performed well throughout his employment with Defendant, and received no notable discipline based on performance or behavior.

4.     Additionally, Plaintiff regularly received positive feedback from superiors and his peers.

5.      Plaintiff seeks all remedies available in law and equity including but not limited to: judgment in his favor and against Defendant; compensation for lost wages, benefits, and other remuneration sustained as a direct result of Defendant's violations; pre-judgement interest; liquidated damages; compensatory damages; injunctive relief; and reasonable attorneys' fees, expert witness fees and costs.

## JURISDICTION

6.      Plaintiff brings these claims against Defendant in violation of the Florida Whistleblower Act, Florida Statute §448.102 (FWA) and for damages in excess of $30,000.00, exclusive of attorney's fees and costs.

7.      This action arises under the Florida Statutes §448.102. The Court has jurisdiction over the FWA claim pursuant to Florida Statutes §448.103(b).

## VENUE

8.      The venue of this Court over this controversy is proper based upon the Plaintiff residing in Brevard County, Florida.

## PARTIES

9.      Plaintiff was a "Executive Director of Sales" and performed related activities for Defendant in Florida.

10.     At all material times relevant to this action, Defendant, was/is a Foreign Profit Corporation that operates and conducts business in Florida.

11.     Plaintiff is a resident of Brevard County, Florida.

## FACTUAL ALLEGATIONS

12.     Plaintiff worked as "Executive Director of Sales" and performed related activities for Defendant in Florida.

2

13.     Plaintiff worked for Defendant from approximately March 2019 to November 16, 2021.

14.      On or around September 2021, Plaintiff became aware of a pattern of gender discrimination against female employees as well as sexual harassment by the Defendant's senior management.

15.     Indeed, Plaintiff was approached by several female employees regarding their experiences concerning gender discrimination and sexual harassment to which the female employees were subjected.

16.     During this time, Plaintiff learned that the discriminator and harasser was Senior Manager, Mark Guthrie ("Guthrie"), who was also Plaintiff's direct supervisor.

17.     Plaintiff complained to Defendant's Human Resources Department regarding the discriminatory and harassing conduct against various female employees because not only was Guthrie's behavior a violation of company policy, but it was also a violation of the law; both Title VII of the Civil Rights Act and the Florida Civil Rights Act.

18.     Accordingly, Plaintiff engaged in protected activity by reporting Guthrie's violations of the law to the Company.

19.     After his complaints regarding the treatment of the female employees, the Company continued to allow Guthrie to discriminate against and sexually harass the woman who complained.

20.     What's more, Human Resources informed Guthrie that Plaintiff had complained about his behavior towards the women and Guthrie in response, began retaliating against Plaintiff.

3

21.     The retaliation ultimately led to Plaintiff's termination from his employment with Defendant just a few short weeks after Plaintiff had engaged in protected activity regarding his complaints about Guthrie's illegal conduct.

22.     Although Plaintiff never received an explanation for his termination, it is clear his termination was in retaliation for reporting gender discrimination and sexual harassment to Defendant in September 2021.

**COUNT I - VIOLATION OF**
**FLORIDA WHISTLEBLOWER ACT**

23.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 22 above.

24.     Plaintiff was terminated by the Defendant in retaliation, and solely due to the Plaintiff's reporting of the gender discrimination and sexual harassment to Human Resources.

25.     Defendant's action(s) described in paragraph 21 above, violated Florida Statutes §448.102.

26.     As a direct and proximate result of the Defendant's action described herein, Plaintiff is entitled to relief pursuant to Florida Statutes §448.103(2) as follows:

   a.   An injunction restraining continued violation of this act.

   b.   Reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position.

   c.   Reinstatement of full fringe benefits and seniority rights.

   d.   Compensation for lost wages, benefits, and other remuneration.

   e.   Any other compensatory damages allowable at law.

27.     Plaintiff is entitled to reasonable attorney's fees pursuant to Florida Statutes §448.104.

WHEREFORE, Plaintiff demands judgment against Defendant, for damages together with interest, reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendant.

Date: <u>August 15, 2022.</u>

Respectfully submitted,

*/s/ Anthony J. Hall*
Anthony J. Hall, Esq.
FL Bar No. 40924
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (321) 594-7316
Email: ahall@theleachfirm.com
Email: aperez@theleachfirm.com
*Attorneys for Petitioner*

5